UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
THE ESTATE OF BERNICE DESHIELDS, by her :
Proposed Administrator SINCERERAY :
DESHIELDS, :
 :
                          Plaintiff, :
 :
                -against- : **MEMORANDUM AND ORDER**
 : **OF REMAND**
PROSPECT ACQUISITION I, LLC, d/b/a : **22-cv-06614(DLI)(RER)**
DOWNTOWN BROOKLYN NURSING HOME :
AND REHABILITATION CENTER, :
INTERFAITH MEDICAL CENTER, MICHAEL :
TANENBAUM, RESORT NURSING HOME, :
JOHN AND JANE DOES 1-5, ABC :
CORPORATION, and ABC PARTNERSHIP :
 :
                        Defendants. :
-----------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

On July 13, 2022, Sincereray Deshields ("Plaintiff"), as Proposed Administrator of the Estate of Bernice Deshields ("Decedent"), filed a verified complaint in New York State Supreme Court, Kings County ("state court"), alleging that Interfaith Medical Center ("Interfaith"), Prospect Acquisition I, LLC, d/b/a Downtown Brooklyn Nursing Home and Rehabilitation Center ("Downtown"), Michael Tanenbaum ("Tanenbaum"), Resort Nursing Home ("Resort"), John and Jane Does 1-5 ("Does"), ABC Corporation, and ABC Partnership (collectively, "Defendants") provided Decedent with improper, inadequate, and negligent care in violation of New York Public Health Law ("NYPHL") resulting in Decedent's wrongful death during the COVID-19 pandemic. *See*, Complaint ("Compl."), Dkt. Entry No. 1-1 ¶¶ 62-64, 73-75, 133-134, 151. On October 31, 2022, Interfaith removed this action to this Court invoking federal question jurisdiction pursuant

to 28 U.S.C. § 1331 and federal officer jurisdiction pursuant to 28 U.S.C. § 1442(a)(1).[1]  *See*, Notice of Removal ("Notice"), Dkt, Entry No. 1. ¶ 2

Interfaith asserts that the Complaint pleads a cause of action for "serious physical injury resulting from willful misconduct" related to the administration of "COVID-19 countermeasures[,]" thus triggering "complete preemption" under the Public Readiness and Emergency Preparedness Act ("PREP ACT"). *Id*. ¶¶ 13, 17, 19, 26-28, 43.  Interfaith also contends that removal pursuant to the federal officer removal statute is warranted because residential healthcare facilities were enlisted by the government to combat COVID-19.  *Id*. ¶¶ 21, 43.

On November 18, 2022, Plaintiff moved to remand this action to state court.  *See*, Mot. to Remand to State Court ("Remand Mot."), Dkt. Entry No. 8.  On December 1, 2022, Interfaith opposed Plaintiff's motion.  *See*, Interfaith's Opp'n to Remand Mot. ("Interfaith Opp."), Dkt. Entry No. 10.  On December 14, 2022, Downtown opposed Plaintiff's motion.  *See*, Downtown's Opp'n to Remand Mot. ("Downtown Opp."), Dkt. Entry No. 14.  For the reasons set forth below, Plaintiff's motion to remand this action to state court is granted.

## DISCUSSION

### I. Federal Question Jurisdiction and the PREP Act

#### A. Legal Standard

The federal removal statute permits, in relevant part, the removal of a "civil action . . . of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a).  A federal district court has original jurisdiction of all civil actions "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.  Whether a claim arises under federal law

---

[1] Interfaith also purports to rely on 28 U.S.C. §§ 1332, 1367, 1441, and 1446 as bases for removal. *Id.*  However, there are no facts supporting diversity of citizenship or supplemental jurisdiction in accordance with § 1332 or § 1367, respectively.  Furthermore, while §§ 1441 and 1446 pertain to the removal of actions, neither statute addresses the factors that confer subject matter jurisdiction on a federal court.

2

is determined by the well pled complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Greenblatt v. Delta Plumbing & Heating Corp.*, 68 F.3d 561, 568 (2d Cir. 1995) (quotation and citation omitted). It is well settled "that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint[.]" *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 14 (1983).

The PREP Act, enacted in 2005 and amended on March 27, 2020, "provides covered persons with immunity from suit for all claims of loss caused by, arising out of, relating to, or resulting from the administration or use by an individual of covered countermeasures, which include certain drugs, biological products, and devices." *Gerber v. Forest View Ctr.*, 2022 WL 3586477, at *3 (E.D.N.Y. Aug. 22, 2022); 42 U.S.C. § 247d-6d(a)(1). "In March 2020, the Secretary of Health and Human Services (the "Secretary") issued a declaration to provide immunity from liability for activities related to medical countermeasures against COVID-19." *Id.* at *2 (citation omitted). When the PREP Act applies, the remedy available to an injured plaintiff is compensation from a fund administered by the Secretary, unless there is death or serious physical injury caused by willful misconduct, in which case an action may "be filed and maintained only in the United States District Court for the District of Columbia" after administrative exhaustion or a plaintiff may elect to accept compensation if eligible. *Id.* at *3 (citation omitted). "The PREP Act expressly preempts conflicting state laws and, in the view of the Secretary, implicates 'substantial' federal legal and policy interests." *Id.*

3

Circuit courts around the country and the district courts within the Southern and Eastern Districts of New York consistently have found that the PREP Act does not confer federal jurisdiction. *See, e.g.*, *Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237 (5th Cir. 2022); *Martin v. Petersen Health Operations, LLC*, 37 F.4th 1210 (7th Cir. 2022); *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679 (9th Cir. 2022); *Maglioli v. All. HC Holdings LLC*, 16 F.4th 393 (3d Cir. 2021); *Rivera v. Eastchester Rehab. & Health Care LLC*, 2022 WL 2222979, at *2 (S.D.N.Y. June 21, 2022) (collecting cases). The Second Circuit has not yet ruled on this issue although it heard oral arguments on October 31, 2022 on two cases pending before it. *See*, *Leroy, et al. v. Hume, et al.* 21-2158-cv, 21-2159-cv; *Rivera-Zayas v. Our Lady of Consolation Geriatric, et al.*, 21-2164-cv. This case is identical to countless other cases that were removed to federal court from state court via the PREP Act and subsequently remanded. For the reasons set forth below, this Court joins the consensus of district courts in the Second Circuit and circuit courts around the country in finding that the PREP Act does not confer federal question jurisdiction and Defendants are not federal officers, warranting remand.

**B.     Analysis**

The instant Complaint does not allege any federal claims. Instead, it alleges only state law based claims for: (1) a violation of a New York state statute, NYPHL § 2801-d, which allows for private actions by patients of residential care facilities when a patient has been deprived of a right or a benefit as defined by the statute and injury results; (2) pre-Covid-19 pandemic negligence; (3) negligent care given during the Covid-19 pandemic; (4) *per se* negligence; (5) conscious pain and suffering; (6) wrongful death; (7) gross negligence; (8) malpractice resulting in wrongful death; (9) malpractice resulting in conscious pain and suffering; (10) lack of informed consent; and (11)

4

vicarious liability.  *See,* Compl. ¶¶ 158-285.  Accordingly, federal question jurisdiction does not exist.

Furthermore, the well pled complaint rule prohibits Interfaith and Downtown from "manufacturing" jurisdiction by way of a purported affirmative defense.  *Dupervil v. All. Health Operations, LCC*, 516 F. Supp.3d 238, 249 (E.D.N.Y. 2021), *op. vac., app. dism. sub nom. Dupervil v. All. Health Operations, LLC*, No. 21-505, 2022 WL 3756009 (2d Cir. Aug. 1, 2022).  "Even if some of [Plaintiff's] claims implicate or are preempted by federal law by way of an affirmative defense, such defenses do not appear on the face of the well-pleaded complaint, and accordingly do not authorize removal to federal court."  *Gerber*, 2022 WL 3586477, at *5 (discussing claims for, *inter alia,* wrongful death and violation of NYPHL) (quoting *Dupervil*, 516 F. Supp.3d at 249).  No purported defense pursuant to the PREP Act appears on the face of the Complaint here.  As such, Interfaith and Downtown cannot invoke those defenses as a basis for removal.

Interfaith's and Downtown's contentions to the contrary are meritless.  Both contend that that PREP Act has the preemptory force that "displaces any state law cause of action and leaves room only for federal law."  Interfaith Opp. at 9-16; *See also*, Downtown Opp. at 5-13. However, the PREP Act "does not exhibit the 'extraordinary' preemptive force required for complete preemption."  *Gerber*, 2022 WL 3586477, at *6 (collecting cases).  Indeed, "[c]omplete preemption is rare" and the Supreme Court has recognized only three completely preemptive statutes, none of which are the PREP Act.  *Maglioli*, 16 F.4th at 408.

Additionally, each contends that Plaintiff pled claims within the scope of the PREP Act because the Complaint arises from and relate to the administration of covered countermeasures as defined by the PREP Act.  *See*, Interfaith Opp. at 18-19; *See also*, Downtown Opp. at 13-16.

5

However, Plaintiff's claims "facially rest on an alleged duty arising from or related to proper standards of general medical and nursing care, not the administration or use of certain drugs, biological products, or devices, *i.e.*, the countermeasures covered under the PREP Act." *Dupervil*, 516 F. Supp.3d at 256; *See also*, Compl. ¶¶ 62-64, 73-75, 133-134, 151.

Furthermore, despite the averments made in their oppositions to remand, Plaintiff has not pled a claim for willful misconduct. *See*, Interfaith Opp. at 16-18; *See also*, Downtown Opp. at 11-13. Although the word "willful" may appear in the Complaint, it does not confer federal question jurisdiction automatically. Moreover, even if Plaintiff has pled that the misconduct at issue here was willful, such a pleading alone would not confer jurisdiction in this Court because claims for willful misconduct via the PREP Act may be brought only in the United States District Court for the District of Columbia after the exhaustion of administrative remedies. *Leroy v. Hume*, 554 F. Supp.3d 470, 475 (E.D.N.Y. 2021).

Interfaith and Downtown also contend that the claims here raise a substantial, disputed federal question pursuant to the *Grable* doctrine. *See*, *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *See also*, Interfaith Opp. at 20-21; Downtown at 23-25. Consistent with the other district courts in this circuit addressing similar issues, this Court finds that the *Grable* doctrine does not provide a basis for jurisdiction. *See e.g.*, *Shapnik v. Hebrew Home for Aged at Riverdale*, 535 F. Supp.3d 301 (S.D.N.Y. 2021) ("This case could not be more different from *Grable*.").

Finally, the irony of Interfaith's contentions is not lost on the Court. Although Interfaith seeks to invoke the Court's subject matter jurisdiction, it does so for the sole purpose of moving to dismiss this case for Plaintiff's purported lack of standing. *See*, Stay Request Ltr., Dkt. Entry No. 6 at 1-2. This "two-step maneuver," whereby Interfaith urges the Court to "exercise subject

matter jurisdiction over this action and then dismiss Plaintiff's claims based on the unavailability of a remedy in this court" asks this Court "to approve the same 'internally inconsistent' machinations that [the Second Circuit] expressly foreclose." *Rivera-Zayas v. Our Lady of Consolation Geriatric Care Ctr.*, 2021 WL 3549878, at *2, note 3 (E.D.N.Y. Aug. 11, 2021) (quoting *Sullivan v. Am. Airlines*, Inc., 424 F.3d 267, 276 (2d Cir. 2005)).

For the foregoing reasons, the Court finds that the PREP Act does not confer federal question jurisdiction, warranting remand.

## II.     Federal Officer Jurisdiction

The federal officer removal statute permits the removal of a case if it is against "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . ." 28 U.S.C. § 1442(a)(1). A defendant who is not a federal officer must establish that: (1) it is a "person" within the meaning of the statute; (2) it was "acting under" a federal officer, "which subsumes the existence of a 'causal connection' between the charged conduct and the asserted official authority;" and (3) it has a colorable federal defense. *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007).

To "establish that it is 'acting under' a federal officer, [a] private party must do more than show that it complies with highly detailed federal regulations, or functions under the extensive supervision or monitoring of the federal government." *Veneruso v. Mount Vernon Neighborhood Health Ctr.*, 586 F. App'x 604, 607 (2d Cir. 2014). "A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase "acting under" a federal 'official.'" *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 153 (2007).

The Court finds no compelling reason to depart from the robust consensus of cases concluding that entities like Interfaith and Downtown, *i.e.*, nursing homes and healthcare facilities, are not federal officers. *See, e.g.*, *Gerber*, 2022 WL 3586477, at *9. Although Interfaith and Downtown may each be a "health center that receives federal grants and 'is subject to a host of federal requirements and regulations pertaining to the health services it provides, and the manner in which it expends its funds,' [it] is not 'acting under' a federal officer within the meaning of the [federal officer removal] statute." *Dupervil*, 516 F. Supp.3d at 260 (citation omitted).

Additionally, the averments set forth in their oppositions to remand are unavailing. Interfaith contends the Court has subject matter jurisdiction because it served as "a critical private resource enlisted to do a job the federal government had to do itself but could not" and had intensive oversight from the federal government. *See*, Interfaith Opp. at 21-24. Similarly, Downtown argues that skilled nursing facilities, like medical facilities, were "critical partners" of the United States Department of Health and Human Services ("HHS") and provided both "critical infrastructure" and a "public function conceived of and directed by the federal government, by helping assist or carry out the duties of the government and working closely with it to fight the national public health threat." *See*, Downtown Opp. at 16-23

However, "these assertions do not evince a 'special relationship' with the federal government or otherwise show that [Interfaith and Downtown were] anything more than 'highly regulated' private persons or entities complying with federal laws and regulations." *Dupervil*, 516 F. Supp.3d at 260 (citing *Watson v. Philip Morris Companies, Inc.*, 551 U.S.at 152-53)). Specifically, "nursing homes must demonstrate something beyond regulation or compliance" to show that they were acting under federal officers. *Maglioli* 16 F.4th at 404–05. Moreover, "[h]ospitals that are following federal guidelines during the current pandemic emergency are not

8

'acting under' federal officers for the purpose of federal officer jurisdiction." *Garcia v. New York City Health & Hosps. Corp.*, No. 20 CV 9970, 2021 WL 1317178, at *2 (S.D.N.Y. Apr. 8, 2021) (collecting cases). In sum, Interfaith, Downtown, and remaining defendants are not federal officers simply because they complied with federal laws and regulations during a global pandemic.

Accordingly, this Court finds that it does not have subject matter jurisdiction under the federal officer removal statute.

## CONCLUSION

For the reasons set forth above, this case is remanded for lack of subject matter jurisdiction to New York State Supreme Court, Kings County, under Index No. 519971/2022, for further proceedings.

SO ORDERED.

Dated: Brooklyn, New York
       March 3, 2023

                                                    /s/
                                     DORA L. IRIZARRY
                                  United States District Judge